**Columbus Jackson RAND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45118.**

Court of Criminal Appeals of Texas.

June 21, 1972.

Rehearing Denied July 28, 1972.

———◆———

Melvyn Carson Bruder, Dallas (Court Appointed on Appeal), for appellant.

Henry Wade, Dist. Atty., George O. Washington, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

The conviction was for possession of heroin; the punishment, 99 years.

At the outset, appellant contends the evidence is insufficient to sustain the jury's verdict of guilty.

■ C. R. Hemby, Dallas City Police Officer assigned to the Narcotics Section, received information from an unidentified informant concerning the address of 1900 Pennsylvania Avenue in Dallas on February 2, 1970. Acting upon such information, a search warrant was obtained. Then, with Officers Akridge, Zapata, Nowell and Hamer, Hemby proceeded to the address in question. Hamer knocked on a side or rear door and announced, "It's the police." Following a "rumble" inside, the officers forced the door and entered a bedroom. People in that room ran into other parts of the house. Visible on the coffee table in the bedroom were some capsules, needles, syringes, and a stack of money. The officers pursued the fleeing persons, finally cornering them in other parts of the house. Eight persons were arrested, including the appellant. Officer Hemby testified he patted the appellant down and found a pistol and a syringe and needles. Officer Zapata testified he later searched the appellant and found in his left front shirt pocket four capsules of brownish powder which was marked for identification as State's Exhibit #1L. A chain of custody was established and the chemical analysis of one of the four capsules found in appellant's possession was shown to contain heroin, morphine, procaine and methapyrilene. Evidence seized from

the coffee table and from other individuals present was shown to contain heroin.

The court charged the jury on the law of principals. Understandably, the court did not charge on the law of circumstantial evidence nor was such a charge requested.

Viewing the evidence in the light most favorable to the jury's verdict, we conclude it is sufficient to support the verdict.

 Next, appellant contends the trial court erred in denying, on its own motion, appellant's application to subpoena the co-defendants as witnesses in his behalf, in violation of the Sixth and Fourteenth Amendments, United States Constitution.

The State contends the record fails to reflect a compliance with Article 24.03, Vernon's Ann.C.C.P.

Further, we note that during the trial, the court observed that the appellant had made application to subpoena the co-defendants. Thereafter, the record reflects:

"MR. HALSEY (defense counsel): Yes, the attorneys for co-defendants do not wish their clients, their respective clients, to testify in this matter and therefore they have advised me that their clients would take the Fifth Amendment when called to the witness stand. Therefore, if the State wishes to quash the motion or the Court wishes to quash the motion or the Court wishes to dismiss the subpoena, *it would be all right,* understanding, of course, that these witnesses would not be able to testify." (Emphasis supplied.)

Thereafter, the trial judge assured counsel that he stood ready "to subpoena anyone who could and would testify to anything in your client's behalf," but further stated that since defense counsel was satisfied that the co-defendants would claim their privilege against self-incrimination by virtue of the Fifth Amendment, he would "under the circumstances," deny the application for subpoenas. To such action there was no objection.

It would appear that appellant waived his right to call such witnesses. Thus, there is no merit in appellant's contention.

The judgment is affirmed.